JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

TINA MARIE SILVA,

   Plaintiff,

 v.

SUNFLOWER FARMERS MARKETS, LLC, SPROUTS FARMERS MARKETS HOLDINGS, LLC, SPROUTS FARMERS MARKET, and DOES 1 through 20,

   Defendants.

Case No.: SACV 21-01021-CJC(JDEx)

**ORDER *SUA SPONTE* REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT**

  Plaintiff Tina Marie Silva asserts a claim for negligence after a 2018 slip-and-fall incident in one of Defendant SF Markets, LLC's stores.[1] (Dkt. 1-1 [Complaint].) On

---

[1] Plaintiff's Complaint erroneously names and Plaintiff erroneously served Sunflower Farmers Markets, LLC and Sprouts Farmers Markets Holdings, LLC as defendants.

-1-

June 10, 2021, Defendant removed this action from Orange County Superior Court on the basis of diversity jurisdiction. (Dkt. 1 [Notice of Removal].)

On July 2, 2021, the parties stipulated "[t]hat the amount in controversy to be recovered by Plaintiff in this case, including all special damages and general damages, shall not exceed $75,000.00" and "that the interests of justice are best served by having this case heard and adjudicated in the Superior Court of California, County of Orange." (Dkt. 10 [Stipulation].)

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action filed in state court may be removed to a federal district court when that federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts have diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332. The burden of establishing subject matter jurisdiction in a removed case falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If at any time before final judgment, the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

//
//
//
//
//
//

Because the parties now stipulate that the amount in controversy will not exceed $75,000, the Court lacks subject matter jurisdiction over this case and remand is proper. *See* 28 U.S.C. §§ 1332, 1447(c). Indeed, the parties agree that the interests of justice are best served by having this case heard in California state court. Accordingly, the Court *sua sponte* **REMANDS** the case to Orange County Superior Court.

DATED: July 7, 2021

_____
HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE